UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD HURRLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC.,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227** *et seq.* **(TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Hurrle (hereinafter referred to as "Plaintiff"), by his undersigned attorneys, for this class action complaint against Defendant Real Time Resolutions, Inc., alleges as follows:

## I. NATURE OF ACTION

1.  Plaintiff, individually and as a class representative for all similarly situated persons in the United States who have received telephone calls to their cellular telephones made using an automatic telephone dialing system by or on behalf of Defendant, brings this action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") against Defendant Real Time Resolutions, Inc. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents,

---

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 1

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

and/or related entities (hereinafter referred to as "Real Time" or "the Company" or "Defendant").

## II.  JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

3. This Court has personal jurisdiction over Defendant because it does business in Washington and many of the wrongful acts alleged in this Complaint were committed in Washington.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), in that Defendant does sufficient business in this District to subject it to personal jurisdiction herein pursuant to 28 U.S.C. § 1391(c)(2).  Defendant is licensed to do business in the state of Washington and conducts business in Washington.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff received the calls at issue in this case within this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.  PARTIES

5. Plaintiff Richard Hurrle is, and at all times mentioned herein was, an individual citizen of the State of Washington, who resides in Clark County.

6. Defendant Real Time is a Texas corporation with its principal place of business in Dallas, Texas.  Real Time does business throughout the country, including this District.  Real Time is a "specialty servicer" of residential real estate mortgage loans, specializing in servicing loans that are in default.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 2

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that many wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## V. FACTUAL ALLEGATIONS

11. Directly as well as through its contractors, vendor and/or agents, Defendant employs hundreds of persons at various call centers throughout the country. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of accounts serviced by Defendant.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 3

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

12. A significant portion, if not a majority, of Defendant's business operations are dedicated to servicing consumer loans that are in default, foreclosure, have been charged off by the original lender, or are subject to discharge in bankruptcy.

13. Part of Defendant's regular business practice is to make repeated phone calls to persons it believes responsible for paying past-due mortgage loans.

14. Prior to filing for bankruptcy protection in 2007, Plaintiff owned as his primary residence a home located at 6311 NE 94th Avenue, Vancouver, Washington, 98662. The home was secured by a first mortgage held by Countrywide Home Loans, and a second mortgage held by Litton Loans.

15. On information and belief, Litton Loans was liquidated and sold to another lender called Ocwen Financial Corp.

16. Plaintiff filed for Chapter 13 bankruptcy protection on November 27, 2007. In conjunction with the filing, Plaintiff surrendered and vacated his home. The bankruptcy court entered an Order of discharge on or about July 2, 2009 after Plaintiff made all payments required under his confirmed Chapter 13 plan.

17. After the bankruptcy court entered its discharge order, Real Time began calling Plaintiff on his cellular telephone demanding payment for the Litton/Ocwen second mortgage. Plaintiff has no business relationship with Real Time, nor did he ever give consent to Real Time to call his cellular telephone. Real Time made repeated calls to Plaintiff on his cellular telephone.

18. Each of the calls placed by Real Time were made by means of an automatic telephone dialing system as defined by the TCPA and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

**VI. CLASS ACTION ALLEGATIONS**

19. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 4

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    20.    <u>Class Definition</u>.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this case as a class action on behalf of a Class of persons defined as follows:

> All persons within the United States who received a non-emergency telephone call from Real Time Resolutions, Inc. to a cellular telephone through the use of an automatic telephone dialing system and who did not provide prior express consent for such calls, at any time from August 30, 2009 to the date of trial.

Excluded from the Class are Real Time and any entities in which Real Time has a controlling interest, Real Time's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

21.    <u>Numerosity</u>.  The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, the Class has more than 1000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

22.    <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and the member of the Class.  These common questions of law and fact include, but are not limited to, the following:

  a.    Whether Real Time made non-emergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

  b.    Whether Real Time can meet its burden of showing that it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

  c.    Whether Real Time's conduct was knowing and/or willful;

  d.    Whether Real Time's is liable for damages, and the amount of such damages; and

  e.    Whether Real Time should be enjoined from engaging in such conduct in the future.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 5

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

23. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

24. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

25. <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiff and the Class.  The common issues arising from this conduct that affect Plaintiff and the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

26. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

27. <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.  Moreover, on

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq*.
(TELEPHONE CONSUMER PROTECTION ACT) - 6

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

information and belief, Plaintiff alleges that the automated calls made by Defendant and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.  FIRST CLAIM FOR RELIEF
### (Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

28. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

29. The foregoing acts and omissions of Real Time and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

30. As a result of Real Time's negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are each entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff and the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## VIII.  SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

32. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

33. The foregoing acts and omissions of Real Time and/or its affiliates, agents and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.* (TELEPHONE CONSUMER PROTECTION ACT) - 7

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  34. As a result of Real Time's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class are each entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

35. Plaintiff and the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appoint Plaintiff as representative of the Class;

C. Appoint the undersigned counsel as counsel for the Class;

D. Declare that Defendant and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

E. Enjoin Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. Award Plaintiff and the Class statutory, compensatory and exemplary damages, as allowed by law;

G. Award Plaintiff and the Class attorneys' fees and costs, as allowed by law and/or equity;

H. Permit Plaintiff and the Class leave to amend the Complaint to conform to the evidence presented at trial;

I. A trial by jury on all issues so triable; and

J. Grant such other and further relief as the Court deems necessary, just and proper.

## X. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *et seq.*
(TELEPHONE CONSUMER PROTECTION ACT) - 8

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

| | |
|---|---|
| 1 | DATED this 30th day of August, 2013. |
| 2 | TERRELL MARSHALL DAUDT & WILLIE PLLC |
| 3 | |
| 4 | By: /s/ Beth E. Terrell, WSBA #26759<br>Beth E. Terrell, WSBA #26759<br>Email: bterrell@tmdwlaw.com |

DATED this 30th day of August, 2013.

        TERRELL MARSHALL DAUDT & WILLIE PLLC

        By: /s/ Beth E. Terrell, WSBA #26759
           Beth E. Terrell, WSBA #26759
           Email: bterrell@tmdwlaw.com

        By: /s/ Michael D. Daudt, WSBA #25690
           Michael D. Daudt, WSBA #25690
           Email: mdaudt@tmdwlaw.com
           936 North 34th Street, Suite 300
           Seattle, Washington  98103-8869
           Telephone: (206) 816-6603
           Facsimile: (206) 350-3528

        BAXTER & BAXTER, LLP

        By:  Justin M. Baxter, WSBA #39182
           Justin M. Baxter, WSBA #39182
           Email:  justin@baxterlaw.com
           8835 SW Canyon Lane, Suite 130
           Portland, Oregon  97225
           Telephone:  (503) 297-9031
           Facsimile: (503) 291-9172

           Alexander H. Burke [Pro Hac Vice Motion
             to be Filed]
           Email:  aburke@burkelawllc.com
           BURKE LAW OFFICES, LLC
           155 North Michigan Avenue, Suite 9020
           Chicago, Illinois  60601
           Telephone:  (312) 729-5288
           Facsimile:  (312) 729-5289

        *Attorneys for Plaintiff*

---

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §  227 *et seq*.
(TELEPHONE CONSUMER PROTECTION ACT) - 9

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com