UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD HURRLE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

REAL TIME RESOLUTIONS, INC.,

Defendant.

CASE NO. C13-5765 BHS

ORDER GRANTING DEFENDANT'S MOTION TO STAY

This matter comes before the Court on Defendant Real Time Resolutions, Inc.'s ("Real Time") motion to stay (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 30, 2013, Plaintiff Richard Hurrle ("Hurrle") filed a class action complaint against Real Time alleging that Real Time called Hurrle on his cellular telephone using an autodialer and demanding payment for a debt. Dkt. 1, ¶¶ 14–18. Hurrle alleges that part of Real Time's regular business practice is to make repeated phone calls to individuals that Real Time believes is responsible for paying past-due mortgage loans. *Id*. ¶ 13. Each of the subject calls placed by Real Time were allegedly

ORDER - 1

1  made by means of an autodialer and were allegedly made despite the fact that Hurrle has

2  no business relationship with Real Time and Hurrle has never given consent to Real Time

3  to call his cellular telephone. *Id*. ¶¶ 17–18. Hurrle asserts that Real Time's actions are a

4  violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b).

5        On December 12, 2013, Real Time filed a motion to stay this action pending the

6  outcome of pending petitions to the Federal Communications Commission ("FCC"), to

7  which Congress delegated some authority to interpret the TCPA. Dkt. 14. On January 8,

8  2014, Hurrle responded. Dkt. 17. On January 17, 2014, Real Time replied. Dkt. 19.

## II. DISCUSSION

10        Under the primary jurisdiction doctrine, courts may stay proceedings or dismiss a

11  complaint without prejudice pending resolution of "'an issue within the special

12  competence of an administrative agency.'" *N. Cnty. Commc'ns Corp. v. Cal. Catalog &*

13  *Tech.*, 594 F.3d 1149, 1162 (9th Cir. 2010) (quoting *Clark v. Time Warner Cable*, 523

14  F.3d 1110, 1114 (9th Cir. 2008)). Courts invoke the primary jurisdiction doctrine "to

15  advance regulatory uniformity," "to answer a question . . . within the agency's

16  discretion," and "to benefit from technical or policy considerations within the agency's . .

17  . expertise." *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 466 (6th Cir. 2010)

18  (internal quotation marks omitted). The Ninth Circuit instructs that courts may stay a

19  case pending an agency determination "where there is (1) the need to resolve an issue that

20  (2) has been placed by Congress within the jurisdiction of an administrative body having

21  regulatory authority (3) pursuant to the statute that subjects an industry or activity to a

22  comprehensive regulatory scheme that (4) requires expertise or uniformity in

ORDER - 2

administration." *Dave/Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1086-87 (9th Cir. 2006) (internal quotation marks omitted).

In this case, Real Time has shown that a stay of this action is warranted pending resolution of at least the *In Re Communications Innovators* petition. The complaint alleges that Real Time implements an autodialer to call debtors regarding unpaid debt. The law is unclear whether Congress intended the TCPA to prevent this activity. Telemarketing is one activity while collecting debt from known debtors seems to be a wholly separate activity. Whether the latter activity falls within the scope of the TCPA is currently being addressed by Congress and the FCC. The issue is clearly one of policy within those bodies, and guidance on the "capacity" of autodialing systems would further clarify the law that Hurrle seeks to enforce in this action. Therefore, the Court grants Real Time's motion and this action is stayed pending resolution of the Communication Innovators' petition. After that, either party may move the Court to reopen the matter.

### III. ORDER

Therefore, it is hereby **ORDERED** that Real Time's motion to stay (Dkt. 14) is **GRANTED**. The Clerk shall administratively close this matter until a motion to reopen the action is filed.

Dated this 20th day of February, 2014.

BENJAMIN H. SETTLE
United States District Judge