UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD HURRLE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>REAL TIME RESOLUTIONS, INC.,<br><br>　　　　　　Defendant. | CASE NO. C13-5765 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY |

This matter comes before the Court on Defendant Real Time Resolutions, Inc.'s ("Real Time") motion to stay (Dkt. 84). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 30, 2013, Plaintiff Richard Hurrle ("Hurrle") filed a class action complaint against Real Time. Dkt. 1. Hurrle alleges Real Time violated the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system to call his cell phone without his consent. *Id.* ¶¶ 17–18.

On December 12, 2013, Real Time moved to stay this case pending the outcome of petitions to the Federal Communications Commission ("FCC"). Dkt. 14. The Court granted Real Time's motion on February 20, 2014. Dkt. 24.

During the stay in this case, another plaintiff, Michelle Tannlund ("Tannlund"), filed a class action complaint against Real Time in the Northern District of Illinois. Dkt. 59, Declaration of Jennifer Murray, Ex. 6. Like Hurrle, Tannlund alleges Real Time violated the TCPA by using an automatic telephone dialing system to call her cell phone without her consent. *Id.* ¶¶ 15–16. Tannlund also seeks to represent a class almost identical to the class proposed by Hurrle. *See id.* ¶ 27.

On July 10, 2015, the FCC ruled on the relevant petitions. Dkt. 26, Declaration of Mary Reiten, Ex. 1. Hurrle subsequently moved to reopen this case on August 14, 2015. Dkt. 25. The Court requested additional briefing on the status of *Tannlund v. Real Time Resolutions, Inc.*, U.S. District Court, Northern District of Illinois Case No. 1:14-cv-5149. Dkt. 33. Real Time informed the Court it had entered into a settlement agreement with Tannlund, but a motion to approve the class settlement was not yet before the *Tannlund* court. Dkt. 34.

On October 21, 2015, the Court granted Hurrle's motion and lifted the stay. Dkt. 37. In doing so, the Court noted that "either party may revisit the issue of a stay at a later time if there is a change in circumstances." *Id.* at 4.

After the stay was lifted, the parties filed several motions in this case. On November 13, 2015, Real Time moved for a protective order. Dkt. 41. On November 17, 2015, Real Time moved for summary judgment. Dkt. 43. On November 19, 2015,

Real Time moved to strike Hurrle's class allegations. Dkt. 49. On December 10, 2015, Hurrle moved for class certification. Dkt. 78. Hurrle's motion for class certification is noted for January 15, 2016. *Id.*

Several motions were also filed in *Tannlund*. On October 26, 2015, Hurrle moved to intervene and to dismiss or transfer the *Tannlund* case to this Court under the "first-to-file" rule. Dkt. 93, Declaration of Jennifer Murray ("Murray Dec."), Ex. 2. The *Tannlund* court declined to rule on Hurrle's motion until Tannlund or Real Time filed a motion to approve the class settlement. Dkt. 92 at 6. On December 11, 2015, Tannlund filed an unopposed motion for preliminary approval of class settlement. Murray Dec., Ex. 3.

On December 14, 2015, Real Time moved to stay this case again. Dkt. 84.

On December 22, 2015, the *Tannlund* court held a hearing on Hurrle's motion to intervene and Tannlund's motion for settlement approval. Dkt. 92 at 7; Murray Dec., Ex. 4. The *Tannlund* court ordered the parties to file simultaneous briefs by January 22, 2016. Murray Dec., Ex. 4. The *Tannlund* court also set a hearing on Tannlund's motion for February 9, 2016.[1] *Id.*

On December 28, 2015, Hurrle responded to Real Time's motion to stay. Dkt. 92. On December 31, 2015, Real Time replied. Dkt. 96.

---

[1] It appears that the *Tannlund* court has not yet ruled on Hurrle's motion.

## II. DISCUSSION

Real Time seeks to stay this case until the *Tannlund* court rules on the proposed class settlement. Dkt. 84. In response, Hurrle argues Real Time has not articulated a compelling reason to stay this case. Dkt. 92.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These interests include: (1) the possible damage that may result from granting a stay; (2) the hardship a party may suffer if the suit is allowed to go forward; and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from stay. *Id.*

Less than three months ago, the Court weighed the competing interests in this case to determine whether the original stay should be lifted. Dkt. 37. The Court concluded the stay should be lifted because "Real Time ha[d] not articulated a compelling reason to continue the stay at this time." *Id.* at 3. The Court noted, however, that "either party may revisit the issue of a stay at a later time if there is a change in circumstances." *Id.* at 4.

The circumstances have changed since the Court lifted the original stay. When Hurrle moved to reopen the case, the parties in *Tannlund* had not yet sought approval of their class settlement. A motion to approve the class settlement is now before the *Tannlund* court and is set to be heard next month. Hurrle has also moved to intervene in *Tannlund*, and has sought to dismiss or transfer that case to this Court.

After reweighing the competing interests, the Court finds that this case should be stayed again. A stay at this time furthers the orderly course of justice as it will refine issues and questions of law. The outcome of the pending *Tannlund* motions will impact the proceedings in this case, but the nature and extent of that impact is unclear. The *Tannlund* court may dismiss the case, transfer the case to this Court, or keep the case and rule on the proposed class settlement. Staying this case ensures the Court and the parties do not waste time and resources addressing issues that may change or become moot. The possible prejudice that may result from the stay is also minimal. The proposed class will be compensated if their claims are meritorious. Moreover, Hurrle can still pursue his individual claims in this case by opting out of any settlement that may be approved by the *Tannlund* court.

The Court is sympathetic to the fact that Hurrle filed his case before Tannlund filed hers, and that this case has already been stayed. However, the proceedings in *Tannlund* have advanced further than those in this case. The Court therefore concludes it should refrain from making substantive rulings until the *Tannlund* court has ruled on the motions pending before it. *See Baker v. Microsoft Corp.*, 797 F.3d 607, 618 (9th Cir. 2015) (Bea, J., concurring) ("[C]omity between federal district courts in this circuit has

long encompassed decisions by the courts designed to promote the smooth workings of the federal judiciary and to avoid the embarrassment of inconsistent results.").

For these reasons, the Court grants Real Time's motion and stays this case pending resolution of the aforementioned motions in *Tannlund*. After those motions have been resolved, either party may move the Court to reopen the case.

### III. ORDER

Therefore, it is hereby **ORDERED** that Real Time's motion to stay (Dkt. 84) is **GRANTED**. The Clerk shall administratively close this case until a motion to reopen is filed.

Dated this 6th day of January, 2016.

BENJAMIN H. SETTLE
United States District Judge